BOWMAN, Circuit Judge.
Thomas and Janet Thul appeal from the affirmance by the District Court of the Bankruptcy Court’s dismissal of their complaint following trial. The Bankruptcy Court determined that Thomas Thul’s $90,-000 loan to Francis Lane Ophaug, fraudulently procured by Ophaug, was discharge-able in bankruptcy because Thul had not reasonably relied upon the misrepresentations made by Ophaug. We must decide whether section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), requires Thul to demonstrate that his reliance on misstatements by Ophaug was reasonable and, if the statute does require reasonable reliance (rather than just reliance), whether the Bankruptcy Court’s finding that Thul’s reliance was not reasonable is clearly erroneous. The statutory issue is one of first impression in this Court. Because we hold that section 523(a)(2)(A) does not require Thul to prove that his reliance on Ophaug’s fraudulent misrepresentations was reasonable, we need not and do not reach the question of whether the Bankruptcy Court’s finding of fact on the issue of reasonableness is clearly erroneous.
Thul and Ophaug were introduced in the 1960’s by a mutual acquaintance. Thul resided in St. Paul, Minnesota and Ophaug resided on a farm near Kloten, North Dakota. The two men usually met once a year on Ophaug’s farm and went hunting. They kept in contact throughout the year by means of occasional phone calls and Christmas cards. In autumn 1983, during their annual hunting trip on Ophaug’s farm, Ophaug stated to a third member of the hunting party (who relayed the conversation to Thul) that he was interested in buying some adjacent farmland that was then on the market. Ophaug never indicated that he was in any financial difficulty. In April 1984, Ophaug contacted Thul seeking an immediate loan for use in the purchase of the neighboring farmland. In May 1984, Thul loaned Ophaug $90,000, secured by a note and security interest in Ophaug’s equipment and machinery. Ophaug stated that he was going to use the money for purchase of the neighboring land. The undisputed facts are that Ophaug was in financial difficulty and that he did not use nor did he intend to use the money to purchase the land. Rather, the money was used for operating expenses. Unbeknownst to Thul, the machinery used as collateral was subject to prior security interests. When Ophaug failed to repay the loan, the Thuls obtained a state court judgment against him in the amount of $91,849.22. Thereafter, Ophaug filed a Chapter 11 bankruptcy petition. The Thuls filed a complaint in the Bankruptcy Court seeking to have this debt declared nondischargeable pursuant to section 523(a)(2)(A).
Following a trial, the Bankruptcy Court found that “a false statement was made by Ophaug; that he knew it was false; and *342 that he made it with the intent to deceive Thul.” Order at 5. The court also found that “Thul did rely upon statements made by Ophaug.” Order at 8. These findings of fact are not disputed on appeal. However, the court concluded as a matter of law that section 523(a)(2)(A) requires reasonable reliance by a creditor on the false statements of the debtor. Applying this requirement of reasonableness, the court found that Thul’s reliance was “unreasonable” and that “[t]he proximate cause of Thul’s loss was not the representations of Ophaug but his own carelessness.” Order at 9.
In reviewing a district court’s affirmance of a bankruptcy court’s order we sit in the same position as did the district court. In re Global Western Development Corp., 759 F.2d 724, 726 (9th Cir.1985). In reviewing the bankruptcy court’s decision, we apply a de novo standard to any legal conclusions reached by that court. Clay v. Traders Bank of Kansas City, 708 F.2d 1347, 1350 (8th Cir.1983).
Section 523(a)(2)(A) states:
A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt ... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by — false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor’s or an insider’s financial condition;
11 U.S.C.§ 523(a)(2)(A) (emphasis added). Although the statute does not say that the creditor’s reliance must be reasonable if the debt is to be nondischargeable, Ophaug contends that we should nonetheless follow the lead of other courts which have imposed such a requirement. See, e.g., In re Hunter, 780 F.2d 1577, 1579 (11th Cir. 1986); In re Kimzey, 761 F.2d 421, 423 (7th Cir.1985); In re Younesi, 34 B.R. 828, 831 (Bankr.C.D.Cal.1983). We decline to do so.[1]
It is a well-established rule of statutory construction that where the language of the statute is unambiguous, “in the absence of ‘a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.’” United States v. Turkette, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981) (quoting Consumer Product Safety Commission v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). In enacting section 523(a)(2), Congress modified its predecessor statute, section 17(a) of the Bankruptcy Act, 11 U.S.C. § 35(a)(2), by adding a requirement of reasonable reliance to section 523(a)(2)(B).[2] However, no similar modification was made with respect to section 523(a)(2)(A). Moreover, as this Court recognized in In re Long, 774 F.2d 875, 877 n. *343 1 (8th Cir.1985), and as the legislative history of the Act demonstrates, sections 523(a)(2)(A) and 523(a)(2)(B) are mutually exclusive. In In re Fosco, 14 B.R. 918 (Bankr.D.Conn.1981), the bankruptcy court analyzed the legislative history of sections 523(a)(2)(A) and (B) and concluded, “[t]here is no indication in the legislative history that Congress ... intended to give additional support to debtors by imposing a reasonableness requirement in section 523(a)(2)(A).” 14 B.R. at 922. The court in Fosco highlighted the distinction between sections 523(a)(2)(A) and (B). It noted that while section 523(a)(2)(B), which relates to financing statements, requires a showing of reasonable reliance, section 523(a)(2)(A) establishes no such requirement. Id. at 921. Because creditors might induce debtors to falsify financial statements in order to make a debt nondischargeable, Congress explicitly required that nondischargeability under section 523(a)(2)(B) be premised upon a showing of reasonable reliance. H.R. Rep. No. 595, Cong., 1st Sess. 130-31 (1977) U.S.Code Cong. & Admin.News 1978, p. 5787. As Fosco explains, “the burden of proving reasonable reliance in section 523(a)(2)(B) to protect the debtor is not only left out of the language of section 523(a)(2)(A), but it cannot be justified by the policy concern expressed in the legislative history regarding false financial statements.” 14 B.R. at 922. We agree with the conclusions reached in Fosco. Finding the statute to be clear on its face and having no reason to think that Congress meant anything other than what it said, we can only conclude that section 523(a)(2)(A) does not require a creditor to prove that his reliance on the debtor’s fraudulent misrepresentations was reasonable.
Ophaug argues that it is the intent of Congress that the Bankruptcy Code be construed strictly in favor of debtors in order that they be allowed to make a fresh start. While we note that the underlying policy of the Bankruptcy Code is to give honest debtors a fresh start, we do not believe that we need strictly construe the provisions of the Code in favor of dishonest debtors. As this Court recently stated: “[Ojnce a creditor has carried the burden of showing that a debt falls within the fraud exception to discharge and, therefore, has demonstrated the debtor’s dishonesty as to that debt ... the debtor ‘is no longer entitled to the benefit of debtor rehabilitation policy considerations.’ ” In re Hunter, 771 F.2d 1126, 1130 (8th Cir.1985) (quoting In re Wilson, 12 B.R. 363, 370 (Bankr.M.D.Tenn. 1981)).
We hold that under section 523(a)(2)(A), a creditor need prove only that he relied on the debtor’s fraudulent misrepresentations in extending credit to the debt- or; the creditor need not prove that his reliance was reasonable. In this case, the Bankruptcy Court (in findings that Ophaug does not challenge) found that Ophaug made fraudulent misrepresentations to Thul and that Thul relied upon those misrepresentations in lending Ophaug $90,000. This is all that the statute requires. Accordingly, the Bankruptcy Court should have ruled that under section 523(a)(2)(A) the amount of the Thuls’ state court judgment against Ophaug is nondischargeable.
Reversed and remanded to the District Court with directions that the case be remanded to the Bankruptcy Court for the entry of an order consistent with this opinion.

. Because section 523(a)(2) is quite similar to its predecessor statute, former 11 U.S.C. § 35(a)(2), case law interpreting the latter section has been applied by courts to cases arising under section 523(a)(2). See, e.g., In re Boyer, 62 B.R. 648, 649 (Bankr.D.Mont.1986) (citing In re Houtman, 568 F.2d 651, 655 (9th Cir.1978)). We note, however, that earlier case law did not require reasonable reliance. In order that a debt be declared nondischargeable under section 35(a)(2) a creditor had to demonstrate that:
(1) the debtor made the representations;
(2) that at the time he knew they were false;
(3) that he made them with the intention and
purpose of deceiving the creditor; (4) that the creditor relied on such representations;
(5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.
In re Houtman, 568 F.2d 651, 655 (9th Cir.1978) (quoting In re Taylor, 514 F.2d 1370, 1373 (9th Cir.1975)). We continue to apply these standards, deriving them from the requirement that only actual fraud, and not fraud implied in law, satisfies section 523(a)(2)(A), see 124 Cong.Rec. H 11095-96 (daily ed. Sept. 28, 1978), reprinted in Appendix 3 Collier on Bankruptcy at IX-100-01; S 17412-13 (daily ed. Oct. 6, 1978), reprinted in Appendix 3 Collier on Bankruptcy at X-26-27, and from the causation requirement implied in the language of the statute itself, Le., "money, property, services ...to the extent obtained by ... false pretenses, a false representation, or actual fraud.”

. 11 U.S.C. § 523(a)(2)(B) prohibits discharge of
... a statement in writing—
(i) that is materially false;
(ii) respecting the debtor’s or an insider’s financial condition;
(iii) on which the creditor to whom the debt- or is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive____
(emphasis added).