**Erick Ray ERICKSON, Appellant,**

**Gwendolyn Erickson,**

v.

**Robert POLK; Farmers National Company, Appellees.**

No. 90–1769.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1990.

Decided Dec. 24, 1990.

Erick Ray Erickson, pro se.

Wayne S. Rasmussen, Omaha, Neb., for appellees.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

PER CURIAM.

On December 17, 1985, Farmers National Company entered into a lease agreement with Erick and Gwendolyn Erickson (debtors). The lease agreement provided that debtors were to lease 160 acres of unim-

proved farmland in Phelps County, Nebraska, for a term of one year, March 1, 1986, through February 28, 1987. Debtors filed for Chapter 11 bankruptcy during the term of the lease.

On February 18, 1987, Robert Polk, as agent for Farmers National Company, sent debtors a letter notifying them of the expiration date of the lease and informing them that they were to surrender possession of the real estate on the date of expiration. The lease expired as stated in the agreement on February 28, 1987, and Farmers National Company later posted "no trespassing" signs on the property.

Debtors asserted in bankruptcy court that Polk should be held in contempt for violating the automatic stay, and that his actions as lessor in prohibiting the debtors from entering leased property was an action to gain possession of property of the estate in violation of 11 U.S.C. § 362(a)(3).

The bankruptcy court[1] concluded that debtors' motion should be denied, citing 11 U.S.C. § 362(b)(10). The bankruptcy court also held that Farmers National Company's sending a letter to debtors prior to expiration of the lease did not violate the automatic stay, as the character and purpose of the letter was to provide advance notice to the debtors of their obligation under the lease agreement.

Debtors appealed to the district court, raising two issues: (1) whether it was necessary that Farmers National Company be notified of the filing of a bankruptcy petition; and (2) whether Farmers National Company was in violation of 11 U.S.C. § 362 for denying renewal of a lease without the required termination notice. The district court[2] concluded that the bankruptcy court's findings of fact were not clearly erroneous and that it did not err in denying the motion to find Farmers National Company and Polk in contempt. The district court did not consider whether the Farmers National Company was required to be noti-

fied of the filing of the bankruptcy petition, as the issue was raised for the first time on appeal.

Erickson[3] argues on appeal to this court that his possessory interest in the property through the lease constituted property of the estate pursuant to 11 U.S.C. § 541. Also, he contends that a creditor need not be notified that a petition has been filed by a debtor. He urges that the appellees violated the automatic stay and that his lease was really a year-to-year farm tenancy for which Nebraska requires six months' notice of termination.

■ In reviewing a district court's affirmance of a bankruptcy court's order, this court sits in the same position as did the district court; in reviewing the bankruptcy court's decision, this court applies a de novo standard to legal conclusions reached by that court. *Thul v. Ophaug*, 827 F.2d 340, 342 (8th Cir.1987).

■ Clearly, 11 U.S.C. § 362(b)(10) provides an exception to the automatic stay for nonresidential leases.

> (b) The filing of a petition under section 301, 302, or 303 of this title ... does not operate as a stay—
>
> ....
>
> (10) under subsection (a) of this section, of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property;

Property of the estate does not include a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease during the case. 11 U.S.C. § 541(b)(2). The bankruptcy court's findings belie Erickson's assertions that he had a farm tenancy from year to year. Under Nebraska law,

> where lands are leased to a tenant for 1 year for a stipulated rent reserved, and

1. The Honorable John C. Minahan, Jr., United States Bankruptcy Judge for the District of Nebraska.

2. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

3. Only Erick Ray Erickson signed the notice of appeal to this court and the brief on appeal bears only his name.

after the expiration of the lease the tenant, without further contract, remains in possession, and is recognized as a tenant by the landlord in the receipt of rent for another year, this will create a tenancy from year-to-year; and in such case the tenancy can only be terminated by an agreement of the parties, express or implied or by notice given, 6 calendar months ending with the period of the year at which the tenancy commenced.

*Moudry v. Parkos*, 217 Neb. 521, 349 N.W.2d 387, 389 (Neb.1984) (quoting *Fisher v. Stuckey*, 201 Neb. 439, 445, 267 N.W.2d 768, 772 (1978)). Neither Farmers National nor Polk recognized Erickson as a tenant after the lease expired; indeed, they took steps (posting "no trespassing" signs) so that Erickson would not remain in possession.

We agree with the district court that whether Farmers National Company was required to be notified of the filing of the bankruptcy petition is an issue that need not be addressed.

The judgment is affirmed.