In re Paul Franklin **COX**
and Janice Kay Cox.

**CATTLEMEN'S LIVESTOCK
MARKET, Plaintiff,**

v.

Paul Franklin **COX** and Janice
Kay Cox, Defendants.

**Bankruptcy No. 92–16474S.
Adv. No. 93–6505.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

Nov. 23, 1993.

**668**

Lynn Davis, Little Rock, AR, for plaintiff.

Jack Dickerson, Hot Springs, AR, for debtors/defendants.

Frederick Wetzel, Little Rock, AR, trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE came before the Court upon the trial of the complaint objecting to discharge. A document entitled Petition to Object to Discharge was filed with the clerk's office on February 18, 1993, in which the plaintiff asserted that the debtors' discharge should be denied, stating grounds under sections 727(a)(2), (3) of the Bankruptcy Code. An answer was filed denying these charges. In contrast to its pleading, the plaintiff's preliminary pretrial statement asserted that the debtors engaged in fraud, citing Bankruptcy Code sections 547 and 548.[1] In the pretrial submissions and at trial, the plaintiff asserted that the debt was nondischargeable for fraud, pursuant to section 523(a)(2)(A). At trial, the debtor Paul Franklin[2] objected to any proceeding under section 523 inasmuch as that action had never been pleaded. Accordingly, the debtor argues, the action is time barred under Rule 4007, Federal Rules of Bankruptcy Procedure, and Bankruptcy Code section 523(c).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(I), (J).

■ The debtor is correct that trial of any issue under section 523(a) is inappropriate. First, plaintiff never filed an action under section 523(a). This is not merely a formalistic requirement. Under bankruptcy law, there is a distinction between discharge and dischargeability. Objections to discharge under section 727 are filed on the basis of the debtor's conduct in the bankruptcy case or conduct with regard to his assets. Objections may be grounded upon such acts as a failure of the debtor regarding his duties of record-keeping, 11 U.S.C. § 727(a)(3), truthfulness to the trustee and the court, 11 U.S.C. § 727(a)(4), or concealing assets, 11 U.S.C. § 727(a)(2). *See generally Irving Federal Savings and Loan Association v. Billings (In re Billings)*, 146 B.R. 431, 433–35 (Bankr.N.D.Ill.1992).

■ Dischargeability, in contrast, refers to discharge of a particular debt in a bankruptcy proceeding. Objections to dischargeability of a debt are based upon a debtor's actions with regard to the particular debt. A complaint to determine dischargeability may be grounded upon such acts as procuring money by fraud, 11 U.S.C. § 523(a)(2), embezzlement or larceny, 11 U.S.C. § 523(a)(4), or wilful and malicious injury, 11 U.S.C. § 523(a)(6). *See generally Irving Federal*

---

**1.** Actions under section 547 or 548 may be asserted only by the trustee. Thus, the plaintiff creditor had no standing to assert these sections as causes of action. In any event, such actions were never pleaded or otherwise pursued by plaintiff.

**2.** The pretrial stipulations submitted by the parties advised the Court that the defendant Janice Kay Cox was not liable on the debt in dispute such that she should be dismissed from the adversary proceeding.

*Savings and Loan Association v. Billings* (*In re Billings* ), 146 B.R. at 433–34.

■ The distinction between the two concepts, and the pleading requirements for each, discharge and dischargeability, is one which the Bankruptcy Courts enforce. The assertion of an objection to discharge in no manner preserves any rights with regard to an objection to dischargeability of a debt. *See Irving Federal Savings and Loan Association v. Billings* (*In re Billings* ), 146 B.R. at 435 ("Irving Federal erred when it assumed that the court granted it an extension to proceed under § 727 on April 29, 1992 merely because the court extended the time to proceed under § 523. Discharge and dischargeability are based on separate policies and are governed by distinct procedural rules."). The strong policy in favor of the "fresh start" require that the bankruptcy courts construe strictly these sections and rules. *See generally In re Kirsch,* 65 B.R. 297, 300 (Bankr.N.D.Ill.1986). Thus, a complaint objecting to discharge will not serve as notice of an action objecting to dischargeability.

In the instant case, the complaint asserts causes of action under section 727(a). Not until the filing of the pretrial stipulations, on October 21, 1993, four days prior to trial, did plaintiff indicate he had an objection to the dischargeability of a debt. Inasmuch as the time for filing such an action is long past,[3] the defendant's objection to trial on a dischargeability action under section 523(a) has merit.

Since plaintiff presented its case addressing only the elements for a fraud nondischargeability action under section 523(a)(2)(A), the record is devoid of any evidence supporting a denial discharge pursuant to section 727(a). Accordingly, the complaint must be dismissed on the merits.

■ Even were an action under section 523(a)(2) properly before the Court, plaintiff's action fails. In order to demonstrate

that a debt is nondischargeable, plaintiff was required to plead and prove that

(1) the debtor made the representation;

(2) that at the time the debtor made the representation, he knew them to be false;

(3) that the debtor made the representations with the intention and purpose of deceiving the creditor;

(4) that the plaintiff relied on such representation;

(5) that the plaintiff sustained the alleged loss and damage as the proximate result of the representations having been made.

*See Thul v. Ophaug,* 827 F.2d 340, 342 & n. 1 (8th Cir.1987).

■ Plaintiff presented proof that the debtor Paul Franklin Cox was in the cattle business. Operating like many other cattlemen, Cox would purchase livestock at one market, sell it at another, and use the proceeds from the sale to pay for the cattle. Generally, Cox paid the seller within the week of purchase with the proceeds. In this manner, Cox would purchase cattle from the plaintiff Cattlemen's Livestock on Thursday, sell the cattle within a few days, and, the next Thursday, again appear at Cattlemen's Livestock sale. Paying for the last week's cattle, he purchased cattle to sell during the following week. Cattlemen's Livestock would not extend credit beyond the first sale. That is, Cox could not purchase additional cattle until the prior purchase was paid in full.

In or around October 1993, Danny McGrew and his mother, Betty McGrew, the operators of Cattlemen's Livestock, became concerned about Cox's operation. They noticed that he was purchasing increasing amounts of cattle. Accordingly, on October 22, 1993, they held a conversation with Cox at which time he assured them that he intended to pay for all cattle that he purchased at Cattlemen's Livestock. Cox paid for the cattle he bought on the subsequent two

---

3. A complaint objecting to discharge under section 727(a) must be filed within "60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." Fed.R.Bankr.Proc. 4004(a). A complaint objecting to dischargeability of a debt must be filed within time limits prescribed by Rule 4007(c).

Thursdays, October 22, 1992, and October 28, 1992.

On November 5, 1992, Cox appeared at Cattlemen's Livestock, paid $68,000 for cattle he and his father had purchased the prior week.[4] Cox then purchased more cattle to sell. Cox did not pay for the cattle purchased on November 5, 1992. On November 13, 1992, unable to pay his debts, Cox filed a voluntary Chapter 7 petition in bankruptcy.

Plaintiff asserts that the promises to pay, made on October 22, 1992, and the implicit promises made by the purchase of cattle on November 5, 1992, were fraudulent such that the debt for cattle purchased on November 5, 1992, is nondischargeable pursuant to section 523(a)(2)(A). While it is true that fraud must generally be proven by circumstantial evidence, having heard the testimony and viewed the demeanor of the witnesses, the Court finds no evidence of fraud or fraudulent intent on the part of the debtor.

█ The only credible evidence before the Court is that the debtor promised to pay for the cattle he purchased on November 5, 1992, but did not do so. "A bare promise to be fulfilled in the future, which is not carried out, does not render the debt nondischargeable under section 523(a)(2)(A)." *Kotan v. Austin (In re Austin)*, 132 B.R. 1, 3 (Bankr. E.D.N.Y.1991). *Accord Sears Roebuck and Company v. Faulk,* 69 B.R. 743, 750 (Bankr. N.D.Ind.1986). The Court believes Cox's testimony that the purchase of cattle and any promises were made in good faith, with the intent to repay the debt. Such good faith promises or acts are not misstatements nor misrepresentations of fact. *See Mason Lumber Co. v. Martin (In re Martin)*, 70 B.R. 146, 150 (Bankr.M.D.Ala.1986). The Court believes the Cox is an honest but unfortunate debtor for whom the relief provided by the Bankruptcy Code is proper. Accordingly, even were the issue of the dischargeability of the debt owed to Cattlemen's Livestock before the Court, the debt would be dischargeable.

4. Cox's father is also in the cattle business. Part of the funds delivered to Cattlemen's Livestock on November 5, 1992, was for cattle purchased by or on behalf of the father. Although their

**ORDERED** that the debt owed by John Franklin Cox to Cattlemen's Livestock is dischargeable in this bankruptcy case. Judgment will be entered by separate Order.

**IT IS SO ORDERED.**

### *JUDGMENT*

This action came on for trial before the Court, Honorable Mary Davies Scott, U.S. Bankruptcy Judge, presiding, and the issues having been duly tried and a decision having been duly rendered,

**It is Ordered and Adjudged** that the defendant Janice Kay Cox is DISMISSED with prejudice. A discharge in bankruptcy pursuant to section 727 will be entered.

**It is Ordered and Adjudged** that the complaint is dismissed with prejudice as to the debtor, Paul Franklin Cox; that the debtor Paul Franklin Cox shall receive a discharge in bankruptcy pursuant to section 727(a); and that the debt owed by Paul Franklin Cox to Cattlemen's Livestock is dischargeable in this bankruptcy proceeding.

**It is so Ordered.**

names were not the same, it was not uncommon for the livestock sales entities to confuse the names of father and son.