**In re E.J. and Myrtle SEMORA.**

**Erick and Elsie LEGER, Plaintiffs,**

v.

**E.J. and Myrtle J. SEMORA, Defendants.**

Bankruptcy No. 91–40941 S.
Adv. No. 95–4149.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Dec. 11, 1996.

---

Charles Doerpinghaus, for plaintiffs.

Harold King, Little Rock, AR, for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the complaint to determine dischargeability of a debt pursuant to section 523(a)(2). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. The matter is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(I).

1. Although the debtor was in bankruptcy at the time of contracting, he did not advise the plaintiffs of this fact. The case, originally filed under Chapter 13, was converted to a Chapter 7 on June 29, 1995.

2. Wildlife in the area apparently found this situation inviting.

On April 16, 1994, the plaintiffs entered into a contract with the debtor E.J. Semora, who, although 79 years of age, was still doing business as A–1 Log Homes & Lumber.[1] The debtor agreed to build a log home for the plaintiffs for $64,878.00, with payments to be made as the work progressed. The plaintiffs made all but the final payment. During the building of the log home, numerous problems arose with the construction, all of which the plaintiffs were able to observe since they lived nearby. For example, incorrect-sized lumber was used, electrical wiring was incompletely performed, the interior of the home was not completed, the front and back doors were not installed,[2] and major appliances were never installed. From the testimony, it appears that the debtor failed to hire able or competent workers to construct the home.[3] The evidence that the house was poorly constructed and not in conformity with the designs was overwhelming. Moreover, the debtor was generally unreceptive when the plaintiffs brought complaints to him. The construction was so faulty that the plaintiffs spent approximately $30,000 to fix and complete the log home.[4]

Based upon this faulty construction, the plaintiffs allege that the debt owing to them is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), which provides:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A). The elements of fraud in this dischargeability action are as follows:

3. Indeed, the laborer hired to construct the fireplace and a stone wall volunteered that he never even looked at a blueprint.

4. The evidence was insufficient to establish that all of these expenditures were necessary. However, it is clear that much work, as well as repair, remained after debtor left the job.

(1) the debtor made the representations;

(2) that at the time the debtor made the representations, he knew them to be false;

(3) that the debtor made the representations with the intention and purpose of deceiving the creditor;

(4) that the plaintiffs justifiably relied on such representations;

(5) that the plaintiffs sustained the alleged loss and damage as the proximate result of the representations having been made.

See Field v. Mans, —— U.S. ——, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995); Thul v. Ophaug, 827 F.2d 340, 342 & n. 1 (8th Cir. 1987).

Based upon the testimony, the demeanor of the witnesses, and the documentary evidence before the Court, the court cannot find there was any intent to defraud or deceive the plaintiffs. The debtor had no intent to defraud or deceive the plaintiffs when they entered into the contract or during the construction project. The evidence before the Court is that the construction work was poor and that the debtor was inattentive, due to his wife's illness,[5] or has a cantankerous nature. While they may not be desirable characteristics, they are not proof of a fraudulent intent. Having viewed the debtor's demeanor while testifying, the Court finds that he was, despite his stubbornness, truthful. Viewing the testimony of all of the parties as a whole, there is no evidence that the debtor acted fraudulently in obtaining the contract or in building the home.

■ Finally, the Court notes that there is no evidence of any dishonest behavior by the debtor wife, Myrtle Semora. Her signature does not appear on the contract and there is no evidence that she participated in any manner in the business or this particular transaction. Indeed, the only testimony regarding the wife was the debtor husband's statement that she is elderly and ill. Since there is no evidence that she acted in violation of the creditor's rights, she is discharged of the debt.

---

5. The debtor wife is six years older than her husband and is debilitated by diabetes. She did

ORDERED: that judgment shall be entered in favor of the defendants.

**IT IS SO ORDERED.**