**In re Tobias J. JACOBS, Debtor.**

**Bankruptcy No. 884–41661–20.**

United States Bankruptcy Court,
E.D. New York,
at Westbury.

Nov. 7, 1985.

Stanley R. Stern, Stern & Peshkin, New York City, for debtor.

Jaqueline Marcus, Weil, Gotshal & Manges, New York City, for Manufacturers Hanover Trust Co.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard upon the motion of Manufacturers Hanover Trust Company (MHT) for an order granting MHT summary judgment in its adversary proceeding challenging the dischargeability of MHT's claims against debtor pursuant to 11 U.S.C. § 523(a)(2)(A) and (B). The court finds that since MHT has failed to show that debtor himself obtained money from MHT, summary judgment must be denied.

## FACTS

1. Debtor is a certified public accountant who was employed by Cargo Fashions, Inc.

2. On August 31, 1981, and November 30, 1981 financial statements for Cargo Fashions prepared by debtor were submitted to MHT.

3. On June 29, 1983, before the Honorable Jacob Mishler, United States District Court for the Eastern District of New York, debtor plead guilty to conspiring to make false financial statements for the purpose of influencing MHT and other banks to make loans.

4. On November 11, 1984, before the Honorable Martin J. Evans, Supreme Court, New York County, summary judgment was entered against debtor finding him liable for damages sustained by MHT, caused by the submission of Cargo's false financial statements.

5. On October 22, 1984, debtor filed a petition for bankruptcy.

6. On February 1, 1985, MHT commenced this action to determine the dischargeability of debtor's liability resulting from the state court action.

7. On June 11, 1985, MHT made a motion for summary judgment on the issue of dischargeability pursuant to 11 U.S.C. § 523(a)(2)(A) and (B).

## DISCUSSION

The Bankruptcy Code allows debtors to discharge debts to give individuals a new opportunity in life without the burden of financial pressures. In weighing the need for a fresh start against competing social policies, Congress legislated ten categories of nondischargeable debts: taxes; debts obtained by fraud; unscheduled debts; embezzlement; alimony and child support; willful and malicious injury; fines and penalties owed to the government; student loans; debts previously declared nondischargeable; and debts arising from drunk driving accidents.

MHT's adversary complaint alleges that:

1. Jacobs' debt was obtained by actual fraud pursuant to 11 U.S.C. § 523(a)(2)(A);

2. Jacobs' debt was obtained by fraud pursuant to 11 U.S.C. § 523(a)(2)(B) because he prepared false financial statements; and

3. Jacobs' debt was compensation for willful and malicious injury to MHT pursu-

ant to 11 U.S.C. § 523(a)(6). MHT limited its motion for summary judgment to the issue of whether the debt was obtained by actual fraud or fraud in preparing false financial statements.

To establish nondischargeability based on either of its fraud allegations, MHT must prove that "money" was "obtained by" debtor. Neither the federal court criminal judgment nor the state court civil judgment related to this case made any finding that debtor obtained money for himself from MHT. Rather, it appears, based on the evidence before the court at this stage in the case, that debtor acted solely in his capacity as certified public accountant when he prepared the problematic financial statements, and that he did not share in the proceeds obtained by his clients. Therefore, the threshold issue for this motion for summary judgment is whether the debtor *himself* must "obtain" money by fraud in order for a debt to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (B).

MHT cited several cases in which a debt was declared nondischargeable even though the debtor did not directly receive the property fraudulently taken, but, in each case cited, the debtor had an identity of interest with the party that obtained the consideration. Generally, exceptions to discharge must be strictly construed in favor of the debtor.[1] Thus, in the absence of precedent to the contrary, the court construes section 523 in favor of the debtor and holds that MHT must prove that debtor himself obtained property by fraud for this debt to be nondischargeable under subsection 523(a)(2)(A) and (B). Accordingly, it is beyond sound discretion to make a summary judgment finding that debtor's obligation to MHT is nondischargeable on the basis of fraud.

The court hereby orders MHT to set this matter for hearing:

1) to determine whether debtor himself actually obtained money from MHT, and consequently whether this debt should be discharged pursuant to 11 U.S.C. § 523(a)(2)(A) and (B); and

2) to determine whether this debt is nondischargeable as willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6); and

3) to determine the issues raised in MHT's motion pursuant to 11 U.S.C. § 727.

SO ORDERED.

---

1. *Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *Murphy & Robinson Investment Co. v. Cross,* 666 F.2d 873, 880 (5th Cir. 1982); *Kansas State Bank & Trust Co. v. Vickers,* 577 F.2d 683, 687 (10th Cir.1978); *Household Finance Corp. v. Danns,* 558 F.2d 114, 116 (2d Cir.1977).