In re Steven P. AUSTIN, Debtor.

Charles KOTAN, Joan Kotan, and
Bertha Kotan, Plaintiffs,

v.

Steven P. AUSTIN, Defendant.

Bankruptcy No. 890–82151–478.

Adv. No. 890–8301–478.

United States Bankruptcy Court,
E.D. New York.

Oct. 4, 1991.

Harold F. Damm, Mineola, N.Y., for
plaintiffs.

Sidney Holzer, Huntington, N.Y., for
debtor.

## DECISION

DOROTHY EISENBERG, Bankruptcy Judge.

## BACKGROUND

Steven P. Austin ("Debtor") filed a petition for Chapter 7 bankruptcy on August 1, 1990. At the time of filing, Debtor owned one hundred (100%) percent of the stock of Energy Electrical Supplies, Inc. ("Energy"), itself a Chapter 7 Debtor in this Court. On October 10, 1990, CHARLES KOTAN, JOAN KOTAN and BERTHA KOTAN (collectively the "Plaintiffs") instituted the instant adversary proceeding seeking to except from discharge monies loaned and secured by them for the benefit of Energy, pursuant to section 523(a)(2)(A) of the Bankruptcy Code. The amended complaint alleges that Debtor falsely and with intent to deceive and defraud Plaintiffs represented that Charles Kotan would receive shares of stock in Energy, and in consideration and reliance upon the foregoing representation, Plaintiffs loaned and secured monies on behalf of Energy in the approximate sum of $170,000.[1]

## FACTS

The Court conducted a trial and heard testimony from Debtor and Charles Kotan. Upon the testimony and evidence adduced therein, the Court makes the following findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

1. The Court has jurisdiction of the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and § 157(a). This matter is a core bankruptcy proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

2. In the late summer or early fall of 1987, Debtor offered Charles Kotan a position as comptroller of Energy at a salary equal to Charles Kotan's then present salary, and promised to give Charles Kotan "substantial equity" in Energy sometime in the future when Debtor's assets became "unfrozen."[2]

3. At no time was there any discussion of the number of shares Charles Kotan was to obtain, or when such shares were to be issued. Cognizant of Debtor's pending divorce settlement, Charles Kotan never demanded that the stock be issued.

4. In early October 1987, Charles Kotan began working for Energy, as comptroller and general administrator. Believing that he would one day have an equity interest in Energy, Charles Kotan voluntarily offered to loan Energy money to help relieve Energy's cash flow problems. During 1987 and 1988, Plaintiffs collectively loaned Energy approximately $70,000, as evidenced by checks and promissory notes. Charles and Joan Kotan also provided their home as security for a $100,000 loan to Energy by First Princeton Capital Corp. Thereafter, the Debtor terminated Charles Kotan and Energy subsequently filed a petition in bankruptcy.

5. There was no evidence that Debtor requested the advances from any of the Plaintiffs. There is no evidence that the Debtor made any promise at all to Joan or Bertha Kotan, relatives of Charles Kotan. The advances made by Joan and Bertha appear to have been made on behalf of Charles Kotan.

## DISCUSSION

■ Plaintiffs' claim that the foregoing debts should be declared nondischargeable is based solely on 11 U.S.C. § 523(a)(2)(A), which provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

---

1. Although Plaintiffs' post-trial brief states that Debtor represented that Charles Kotan "was" a part owner of Energy, Plaintiffs' amended complaint states only that he "would be" an owner of Energy. Only the latter designation, *i.e.,* "would be," was supported by the evidence adduced at trial.

2. Debtor's assets were frozen due to Debtor's ongoing divorce proceeding which was settled in 1990.

(2) for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...

In order to sustain a prima facie case of fraud, a plaintiff must establish each of five elements:

(1) The debtor made the representation;

(2) That at the time the representation was made, the debtor knew the representation was false;

(3) The debtor made the representation with the intention and purpose of deceiving the creditor;

(4) The creditor reasonably relied on the representation and the reliance was reasonably founded; and

(5) The creditor sustained a loss or damage as the proximate consequence of the representation having been made.

*In re Balzano*, 127 B.R. 524, 530 (Bankr. E.D.N.Y.1991); *In re Gadsden*, 128 B.R. 45 (Bankr.E.D.N.Y.1991). Moreover, the Plaintiff must prove the aforementioned elements by a preponderance of the evidence. *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ Plaintiffs have failed to prove three of the elements necessary to establish their claim of fraud. First, Plaintiffs have not proved that at the time Debtor promised to give Charles Kotan "substantial equity" in Energy that Debtor knew such representation was false. Plaintiffs failed to present evidence proving that Debtor never intended to transfer shares of Energy to Charles Kotan. In fact, Charles Kotan knew that Debtor's assets were temporarily "frozen" or unavailable for distribution, and there is no evidence that Debtor's shares of stock in Energy became available during Charles Kotan's employment with Energy, or that Debtor willfully refused to deliver the shares to him.

Debtor testified at trial that he had intended to give Charles Kotan equity in Energy, and had "hoped", in the future, they would share the company. However, Plaintiffs failed to prove that Debtor knew he was making a false representation when he indicated that he wanted to make Charles Kotan a participant in his business and issue shares in Energy to Charles Kotan.

Second, Plaintiffs have not proved that Debtor promised Charles Kotan equity in the company "with the intention and purpose of deceiving" Plaintiffs into loaning monies or securing loans to Energy. Plaintiffs have not established that their monetary contributions were either solicited or bargained for by Debtor in exchange for Charles Kotan's receipt of stock in Energy. Rather, the record reveals that the monies were advanced at the request of Charles Kotan, and not the Debtor.

From the record, it is apparent that Charles Kotan believed that he had an express future ownership interest in Energy which fueled his desire to aid its cash flow and enable it to continue operations. However, there is no evidence that the Debtor persuaded him or the other Plaintiffs into making these advances for the Debtor's self interest.

Third, Plaintiffs' contention that they advanced monies to Energy in reliance upon Debtor's representation that Charles Kotan would receive an ownership interest in Energy, without more, is not reasonably founded and is insufficient to prove fraud. Energy's financial condition was fully revealed to Charles Kotan, as it was he who was in charge of keeping such records. He was in a position to evaluate the value of any interest in Energy and should have known the risk of any loans to this business and the possibilities for repayment either directly or as an equity owner of that business.

■ A bare promise to be fulfilled in the future, which is not carried out, does not render a consequent debt nondischargeable under section 523(a)(2)(A). *In re Balzano, supra*, 127 B.R. at 531. As the Court in *In re Balzano* stated:

It is insufficient under § 523(a)(2)(A) simply to show that debtor left unfulfilled a prior oral representation or promise. Were this showing sufficient, virtually

every oral obligation would give rise to a nondischargeable debt under § 523(a)(2)(A).

*Id.*

 Plaintiffs have failed to prove that at the time Debtor promised to give an ownership interest in Energy to Charles Kotan, that the Debtor did not intend to perform as expressed. Consequently, Plaintiffs' have failed to prove intent to deceive. Although the Court recognizes that fraudulent intent, or intent to deceive can be inferred, it cannot be presumed. *Id.* Nevertheless, such inference is negated here because as Plaintiffs concede, Debtor proposed a plan to repay $56,600 to Charles and Bertha Kotan, and $30,000 to the third-party lender. Debtor's proposed plan of repayment manifests an acknowledgement of the debt, and a definite intention to repay the funds loaned to his corporation. Although the record is unclear as to when Debtor stopped personal payments to Charles Kotan, Debtor did not default on the First Princeton Loan until after he had tendered ten (10) months of payments. Accordingly, where a debtor subsequently makes payments to the lender, the Court will consider this evidence as indicative of the Debtor's lack of fraudulent intent. *Id.; In re Gans,* 75 B.R. 474, 487 (Bankr. S.D.N.Y.1987); *In re Schwartz,* 45 B.R. 354, 357 (S.D.N.Y.1985).

## CONCLUSION

Based upon the foregoing, it is the Court's decision that Plaintiffs' loans and guarantees can not be excepted from discharge under § 523(a)(2)(A) of the Bankruptcy Code. The Court is satisfied that Plaintiffs failed to sustain their burden of proof by a preponderance of the evidence that (i) at the time Debtor promised Charles Kotan an equity interest in Energy, Debtor knew the representation to be false; (ii) Debtor intended to deceive Plaintiffs through this representation; and (iii) Plaintiffs reasonably relied on said representation when they chose to advance monies to Energy. Accordingly, the Debtor is entitled to have this debt discharged.

Settle an Order in favor of the Debtor, in accordance with this decision.