In re Calman H. RIFKIN and
Mindy A. Rifkin, Debtors.

LANMARK GROUP, INC., Plaintiff,

v.

Calman H. RIFKIN, Defendant.

Bankruptcy No. 191–17835–260.
Adv. No. 192–1110.

United States Bankruptcy Court,
E.D. New York.

July 17, 1992.

Charles R. Tropp, Staten Island, N.Y., for debtor, defendant.

Postner & Rubin, by Robert J. MacPherson, New York City, for plaintiff.

## DECISION ON MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

CONRAD B. DUBERSTEIN, Chief Judge.

This is an adversary proceeding in which the Plaintiff seeks to have its claim against the Defendant, at times referred to as the Debtor, deemed nondischargeable.

This matter comes before this court on the motion of the Debtor who moved to dismiss the complaint on the ground that it failed to state a claim upon which relief can be granted as provided for by Fed.R.Civ. Proc. 12(b)(6), made applicable to bankruptcy proceedings pursuant to Fed.R.Bankr.P. 7012. After a hearing and for the reasons stated below, the Debtor's motion is granted.

### FACTS

During 1989 and 1990, plaintiff, Lanmark Group, Inc. ("Lanmark" or the "Plaintiff") supplied Meredith Communications, Inc. ("Meredith") with advertising, marketing, and promotional services, and by February 1990 was owed the unpaid sum of $172,762.13. On May 16, 1990, the United States District Court for the Eastern District of New York entered a judgement in favor of Lanmark for the amount of $180,225.53, which includes interest and costs. On June 25, 1990, with the judgment unpaid and unsatisfied, Lanmark conducted a deposition pursuant to a subpoena served on Meredith's President and principal shareholder, Calman H. Rifkin ("Rifkin" or the "Debtor"). Rifkin claims the deposition lasted approximately three hours, and included an examination of Meredith's bank statements, cancelled checks and other records. Memorandum of Law in Support of Defendant's Motion for Order Dismissing Complaint at 2.

Lanmark argues that although Meredith made certain documents available for inspection during the deposition, its books and records were not produced. Furthermore, Lanmark asserts that copies of specific records identified during the deposition have not been turned over despite an agreement by Rifkin and subsequent requests to Meredith's former attorney on July 23, 1990, August 19, 1990 and to Rifkin on September 25, 1990.

Prior to the entry of the judgment in favor of Lanmark and on February 29, 1990, Rifkin, the holder of ninety percent of the outstanding shares of Meredith, filed a petition for relief under Chapter 13 in this Court jointly with his wife, Mindy Rifkin (the "Rifkins or the "Debtors"). On August 17, 1990, unaware of the pending Chapter 13 Case and the resultant automatic stay, Lanmark filed an action in the District Court for the Eastern District of New York against Rifkin seeking a personal money judgment for the $180,225.53 it was awarded in the judgment against Meredith. Upon notice of the Rifkins' pending Chapter 13, Lanmark ceased from further pursuing the matter.

On April 5, 1991, the Rifkins' Chapter 13 Case was dismissed on the ground that the bifurcation of a mortgage on their home into secured and unsecured claims had increased the total unsecured debts beyond the $100,000 limit pursuant to § 109 of the Bankruptcy Code. *In re Rifkin*, 124 B.R. 626 (Bankr.E.D.N.Y.1991).

With the automatic stay vacated, Lanmark resumed its action against Rifkin in August, 1991. Meanwhile, the Rifkins appealed the Order dismissing their Chapter 13 case. However, inasmuch as their Chapter 13 Trustee demanded they make their Chapter 13 plan payments to him pending the appeal, it was later rendered moot due to the Debtors' inability to make the payments and the appeal was dismissed on October 4, 1991 by the District Court. Shortly thereafter, on November 26, 1991, the Rifkins filed a petition for relief under Chapter 7. This re-imposed the stay prior to the disposition of Lanmark's action.

On February 27, 1992, Lanmark commenced the instant adversary proceeding against Rifkin to obtain: (1) a Judgment in the sum of $180,225.53 plus interest and costs, (2) an Order enforcing the Judgment against the debtor, and (3) an Order that the debt owed to Lanmark be deemed non-dischargeable pursuant to §§ 523(a)(2),[1] 523(a)(4),[2] and 523(a)(6).[3] Shortly thereafter, Lanmark conceded that it had not alleged a claim under § 523(a)(4). Reply Memorandum in Opposition to Defendant's Motion to Dismiss the Complaint, note 1, at 2.

Plaintiff's complaint is based on several allegations that may be categorized as follows: (1) the Debtor committed fraud by diverting Meredith's assets, which subsequently rendered the corporation insolvent; (2) the Debtor distributed Meredith's assets in violation of § 510[4] and § 719[5] of the New York Business Corporation Law; (3) the Debtor conveyed Meredith's assets without fair consideration in violation of § 273[6] and § 274[7] of the New York Debtor and Creditor Law; and (4) the Debtor made false representations as to the sol-

vency of Meredith to induce Lanmark to supply services.

In lieu of an answer, the Debtor filed the instant motion pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the complaint for failure to state a claim upon which relief can be granted, which rendered him unable to properly frame a responsive pleading or to prepare for trial.

In opposition, Lanmark argues that it is unable to plead with greater specificity due to Rifkin's failure to turn over the documents requested during and subsequent to the June 25, 1990 deposition.

## DISCUSSION

Fed.R.Civ.P. 12(b)(6), which, as noted above is applicable to bankruptcy proceedings pursuant to Fed.R.Bankr.P. 7012, provides in pertinent part:

> Every defense ... shall be asserted in the responsive pleadings ... except that the following defenses may ... be made by motion:
>
> .    .    .    .    .

---

1. Section 523(a)(2) refers to debts excepted from discharge for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

2. Section 523(a)(4) refers generally and in pertinent part to debts excepted from discharge for fraud or defalcation while acting in a fiduciary capacity.

3. Section 523(a)(6) refers to debts excepted from discharge for willful and malicious injury by the debtor to another entity or to the property of another entity.

4. N.Y.Bus.Corp.Law § 510 (Mckinney 1992) states in pertinent part:
   (a) A corporation may declare and pay dividends or make other distributions in cash or its bonds or its property, ... except when currently the corporation is insolvent or would thereby be made insolvent....

5. N.Y.Bus.Corp.Law § 719 (McKinney 1992) states in pertinent part:
   (a) Directors of a corporation who vote for or concur in any of the following corporate actions shall be jointly and severally liable to the corporation for the benefit of its creditors

or shareholders, to the extent of any injuries suffered by such persons, respectively, as a result of such action:
   (1) The declaration of any dividend or other distribution to the extent that it is contrary to the provisions of paragraphs (a) and (b) of section 510 (Dividends or other distribution in cash or property)....

6. N.Y.Debt. & Cred.Law § 273 (McKinney 1992) states:
   Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

7. N.Y.Debt. & Cred.Law § 274 (McKinney 1992) states:
   Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent.

(6) failure to state a claim upon which relief can be granted.

.    .    .    .    .

If, on a motion asserting the defense numbered (6) ..., matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment....

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) may be granted "only when it appears with certainty that no set of facts could be proven at trial which would entitle a plaintiff to any relief." *In re O.P.M. Leasing Services, Inc.*, 21 B.R. 986, 991 (Bankr.S.D.N.Y. 1982).

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Pursuant to Fed.R.Civ.P. 8(a), made applicable to adversary proceedings in bankruptcy cases by Fed.R.Bankr.P. 7008, a pleading which sets forth a claim for relief shall contain a short and plain statement of the claims showing that the pleader is entitled to relief. *Ouaknine v. MacFarlane*, 897 F.2d 75, 79 (2d Cir.1990); *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987); *Mabon, Nugent & Co., v. Borey*, 127 B.R. 727, 735 (S.D.N.Y.1991). Furthermore, "[e]ach averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. (8)(e).

■ On a motion to dismiss for failure to state a claim, a court will take the complainant's factual allegations as the truth and draw all inferences in their favor. *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989). Therefore, a complaint should not be dismissed merely because the Plaintiff's allegations are not supported by the specific legal theory advanced. Rather, a court is under a duty to examine the complaint to determine if any possible theory for relief

exists. S.C. Wright & A. Miller, *Federal Practice & Procedure:* § 1219 at p. 191 (1990).

In the case before this Court, Lanmark seeks an order finding the debt owed to it nondischargeable pursuant to §§ 523(a)(2) and (6).

■ Section 523(a)(2) excepts from discharge any debt "for money, property, services ... to the extent obtained by ... false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). In order to sustain a prima facie case of fraud, a plaintiff must establish each of five elements:

(1) The debtor made the representation;

(2) That at the time the representation was made, the debtor knew the representation was false;

(3) The debtor made the representation with the intention and purpose of deceiving the creditor;

(4) The creditor reasonably relied on the representation and the reliance was reasonably founded; and

(5) The creditor sustained a loss or damage as the proximate consequences of the representation having been made.

*In re Austin*, 132 B.R. 1, 3 (Bankr. E.D.N.Y.1991); *In re Balzano*, 127 B.R. 524, 539 (Bankr.E.D.N.Y.1991); *In re Gadsden*, 128 B.R. 45, (Bankr.E.D.N.Y. 1991); *In re Levitan*, 46 B.R. 380, 389 (Bankr.E.D.N.Y.1985).

■ Furthermore, for a debt to be deemed nondischargeable pursuant to § 523(a)(2), the debtor *himself* must "obtain" the services by fraud. (emphasis added). *In re Cohen*, 69 B.R. 9, 11 (Bankr. E.D.N.Y.1986). Accordingly, Lanmark must prove that the "services" rendered by it were "obtained by" Rifkin, *himself*. (emphasis added). *In re Jacobs*, 54 B.R. 791, 793 (Bankr.E.D.N.Y.1985). However, based on the evidence before this Court at this early stage in the case, it appears that Plaintiff's services were rendered to Meredith with the Debtor acting solely in his capacity as its officer and director.

Generally, exceptions to discharge must be strictly construed in favor of the debtor. *Id.* Therefore, this Court presumes § 523 in favor of Rifkin, and finds that Lanmark's complaint has failed to allege that the Defendant obtained Plaintiff's services for himself, as is necessary for the debt to be deemed nondischargeable pursuant to subsection (a)(2). *Id.*

In addition, the serious nature of fraud requires a "plaintiff to plead more than conclusory allegations of fraudulent conduct." *In re Argo Communications Corp.,* 134 B.R. 776 (Bankr.S.D.N.Y.1991). Fed.R.Civ.P. 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R.Civ.P. 9(b) is, however, to be read in conjunction with Fed.R.Civ.P. 8(a) "which requires only a 'short and plain statement' of the claims for relief." *Ouaknine,* 897 F.2d at 79; *DiVittorio,* 822 F.2d at 1247.

The "circumstances" referred to in Fed. R.Civ.P. 9(b) include "matters such as time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby." *In Re Rosen,* 132 B.R. 679, 682 (Bankr.E.D.N.Y.1991); *In re Lion Capital Group,* 44 B.R. 690, 697 (Bankr.S.D.N.Y.1984) (quoting *Robertson v. Nat'l Basketball Assoc.,* 67 F.R.D. 691, 697 (S.D.N.Y.1975)).

There are three goals satisfied by Fed. R.Civ.P. 9(b): "(1) providing a defendant fair notice of plaintiff's claim, to enable preparation of a defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits." *DiVittorio,* 822 F.2d at 1247.

■ To satisfy the particularity requirement of Fed.R.Civ.P. 9(b), the "plaintiff need only allege the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud had occurred." *Rosen,* 132 B.R. at 682 (quoting *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 199 (2d Cir.1982)). A satisfactory allegation includes "(1) specific facts; (2) sources that support the alleged specific facts; and (3) a basis from which an inference of fraud may be fairly drawn." *Rosen,* 132 B.R. at 682 (quoting *Crystal v. Foy,* 562 F.Supp. 422, 425 (S.D.N.Y.1983)); *In re Interconnect Telephone Services, Inc.,* 54 B.R. 859, 862 (Bankr.S.D.N.Y. 1985).

Realistically, a plaintiff "cannot be expected to plead a defendant's actual state of mind." *Devaney v. Chester,* 813 F.2d 566, 568 (2nd Cir.1987). Therefore, Fed. R.Civ.P. 9(b) was designed to allow a certain degree of generality in alleging scienter. *Id.,* at 568. However, plaintiffs are still required "to plead the factual basis which gives rise to a 'strong inference' of fraudulent intent." *O'Brien v. National Property Analysts Partners,* 936 F.2d 674, 676 (2d Cir.1991); *Ouaknine,* 897 F.2d at 80; *Wexner v. First Manhattan Co.,* 902 F.2d 169, 172 (2d Cir.1990).

■ Generally, Fed.R.Civ.P. 9(b) proceedings may not be based solely on "information and belief." *Interconnect Telephone,* 54 B.R. at 862. However, bankruptcy courts do not necessarily require the rigid standards demanded in a non-bankruptcy civil proceeding. *In re Hollis and Company,* 86 B.R. 152, 156 (Bankr. E.D.Ark.1988). The bankruptcy court's standard is usually "relaxed as to matters peculiarly within the adverse parties' knowledge, [but] the allegations must then be accompanied by a statement of the facts upon which the belief is founded." *Interconnect Telephone,* 54 B.R. at 862 (quoting *Segal v. Gordon,* 467 F.2d, 602, 608 (2d Cir.1972)). *See also Mabon, Nugent & Co. v. Borey,* 127 B.R. 727 (S.D.N.Y.1991) (allegations of fraud may be based on information and belief when facts are peculiarly within opposing party's knowledge).

The statement of facts is necessary to apprise the defendant fairly of the charges made against him so that he can prepare a sufficient answer to the allegations. *In re O.P.M. Leasing Services, Inc.,* 32 B.R. 199 at 203 (Bankr.S.D.N.Y.1983). For example, in *In re Rave Communications, Inc. (Harrison III v. Entertainment Equities, Inc.),* 138 B.R. 390, 396 (Bankr.S.D.N.Y.1992), the trustee satisfied Fed.R.Civ.P. 9(b) by in-

cluding in its complaint the following facts in support of its allegations of fraud: "[E]ither a nonfunctional or a nonexistent board of directors, although a board of directors existed 'on paper;' interlocking directorates and financing; a transfer of assets for less than reasonably equivalent value; and, knowledge of the Debtor's insolvency at the time of the transfer." *Id.* at 396.

The Bankruptcy Court in *Rave Communications* permitted these supporting facts to satisfy the "relaxed standard" due to the fact that the claims against the debtor were asserted by a trustee. The Court found that the trustee is "a third party outsider to the fraudulent transaction, that must plead fraud on secondhand knowledge for the benefit of the estate and all of its creditors." *Rave Communications,* 138 B.R. at 396 (quoting *O.P.M.,* 32 B.R. at 203). *See also Devaney,* 813 F.2d at 569 (the rationale for relaxing the particularity requirement in such cases is that the trustee is a third party, who is pleading fraud on secondhand information). The case before this Court, however, is distinguishable in that the adversary proceeding was commenced by Lanmark, an entity that had personal dealings with the Defendant. Lanmark, therefore, must support its statement of facts with greater detail than the trustee in *Rave Communications.*

Nonetheless, any exception to the particularity requirement by no means entitles a claim of fraud to be based on "speculation and conclusory allegations." *O'Brien,* 936 F.2d at 676; *Wexner,* 902 F.2d at 172. Where a "relaxed" pleading standard is permitted, a complaint must still "adduce specific facts supporting a strong inference of fraud." *Id.* at 172.

The rationale supporting this policy is that, "plaintiffs may not use the federal discovery procedures to merely flush out fraudulent statements or acts." *Rosen,* 132 B.R. at 682; *Goldman v. Belden,* 98 F.R.D. 733, 737–38 (W.D.N.Y.1983). Fed. R.Civ.P. 9(b) therefore prevents a long and drawn out discovery executed "in the anticipation of uncovering substantive, incriminating facts." *Rosen,* 132 B.R. at 682; *Decker,* 681 F.2d at 116.

In addition, "the degree of particularity required should be determined in light of such circumstances as whether the plaintiff has had an opportunity to take discovery of those who may possess knowledge of the pertinent facts." *Devaney,* 813 F.2d at 569. The Court in *Bernstein v. Crazy Eddie, Inc.,* explained that, "Plaintiffs can hardly allege defendants' fraudulent acts upon knowledge before they have taken the individual defendants' depositions and conducted discovery." *Id.,* 702 F.Supp. 962, 977 (E.D.N.Y.1988). In the case before this Court, however, a deposition of the Debtor was conducted. Therefore, Lanmark's complaint must be accompanied by a statement of facts upon which the Defendant may frame a responsive pleading and utilize to prepare for trial.

The issue, therefore, is whether the Plaintiff's complaint, taking all its factual allegations as true, provides the Defendant with notice sufficient to enable him to put forth a defense. *Rosen,* 132 B.R. at 682.

Plaintiff's complaint contains four claims for relief, all based on the alleged fraudulent conduct of the Defendant. The complaint states that Rifkin is personally liable to Lanmark for the full $180,225.53 judgment rendered against Meredith and that the debt should be declared nondischargeable pursuant to § 523(a)(2) and (6) of the Bankruptcy Code.

◼ Plaintiff's first claim for relief alleges that the Debtor "transferred" to himself and "others", "property of Meredith" for "less than the full value of the property" which had the effect of rendering the corporation "insolvent", that between August 1989 and February 1990 the Debtor "diverted corporate funds" to his own personal use, and that Meredith was run with "inadequate capitalization," the absence of normal corporate formalities and under the complete control of the Debtor. The Plaintiff further alleges that such conduct entitles it to have the debt owed to it deemed nondischargeable pursuant to § 523(a)(2) and (6).

Plaintiff has provided no grounds as to its belief that Rifkin "transferred property" and "diverted funds," nor has it identi-

fied or valuated these assets. It is also alleged that "others" received property, however no "other" person or entity is named, nor is there any mention of how many "others" the Plaintiff is referring to. The allegations respecting the operation of Meredith similarly are lacking factual support.

Plaintiff's second and third claims for relief are based on corporate dividends which the Defendant allegedly paid to himself in violation of § 510 [8] and § 719 [9] of the New York Business Corporation Law and corporate property allegedly conveyed by the Defendant without fair consideration in violation of § 273 [10] and § 274 [11] of the New York Debtor and Creditor Law. The Plaintiff claims that the debts arising from the services rendered by it should thereby be deemed nondischargeable pursuant to § 523(a)(2) and (6). However, the Plaintiff fails to show how such conduct creates a nondischargeable debt pursuant to the statutory grounds of the Bankruptcy Code.

These allegations have not been plead with sufficient particularity "to show a sufficient factual basis to support a claim based on fraud as required by Fed.R.Civ.P. 9(b)." *Rosen*, 132 B.R. at 683. While the complaint "gives notice of the type of scheme alleged by plaintiff, it provides no insight into the grounds upon which the claim rests." *Farberware, Inc. v. Groben*, 764 F.Supp. 296, 302 (S.D.N.Y.1991). No description of the property transferred, the dates of the transfer, the consideration paid, nor the identity of the transferee is made by the Plaintiff. "Without additional information of facts, Plaintiff['s] allegations are nothing more than mere conclusions." *Rosen*, 132 B.R. at 683.

Finally, Plaintiff's fourth claim for relief alleges that the Defendant made false representations as to the ability of Meredith to pay its debts as they came due. Plaintiff's allegations, however, are merely conclusory as to its claim under § 523(a)(2) and (6)

and fail to identify the time or place of the alleged misrepresentations he relied upon. *Milgrim Thomajan & Lee P.C. v. Nycal Corp.*, 775 F.Supp. 117, 121 (S.D.N.Y.1991). This Court finds that the allegations fail to show a sufficient basis to support a claim based on fraud as required by Fed.R.Civ.P. 9(b). *See In re Burrow*, 131 B.R. 113, 115 (Bankr.E.D.Ark.1991), where Judge Mary D. Scott stated:

> These allegations are conclusory and do not set forth any material facts that support Plaintiff's claims. With no more information or facts than those set out in this Complaint, Plaintiff would have virtually unfettered ability to present the broadest range of evidence. Under the circumstances, the Court finds that the debtor would not be fairly apprised of the claims against him, and the [claims] … must be dismissed for failure to state a claim upon which relief can be granted.

*Id.*, at 115.

Plaintiff further argues that in the event it has not plead fraud with sufficient particularity, it is due to the fact that "the books and records of Meredith were not produced, despite an agreement to do so and numerous requests to defendant." Reply Memorandum In Opposition To Defendant's Motion To Dismiss The Complaint at 1. In *Browning Ave. Realty Corp. v. Rosenshein*, 774 F.Supp. 129 (S.D.N.Y.1991), the Court noted that fraud is permitted to be alleged upon information and belief as to facts peculiarly within the opposing parties' knowledge. However, regardless of whether a plaintiff has engaged in conducting depositions and obtaining pertinent documents, the allegations still "must be accompanied by a statement of the facts upon which the belief is based." *Id.* at 138.

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "[W]illful and malicious" refers to "a wrongful act done intentionally, which necessarily produces harm and is

---

8. *See infra* note 4.

9. *See infra* note 5.

10. *See infra* note 6.

11. *See infra* note 7.

without just cause or excuse." *In re Littleton*, 942 F.2d 551, 554 (9th Cir.1991) (quoting 3 L. King, Collier on Bankruptcy § 523.16 at 523–129 (15th ed. 1992)).

 However, in the present case, while Lanmark's allegations may demonstrate that the Debtor committed tortious acts against Meredith, the complaint fails to state a claim upon which this Court could find that the Debtor committed any tortious acts against the Plaintiff. Aside from being a creditor of Meredith, Lanmark has no legal or equitable interest in the corporate assets of Meredith. It could well be that the conveyance of Meredith's assets was wrongful as to Meredith and its creditors, however, any such transaction by the Debtor would not vest a nondischargeability action in any creditor of Meredith individually, such as Lanmark, pursuant to § 523(a)(6). *In re Krause*, 114 B.R. 582, 606 (Bankr.N.D.Ind.1988). *See also Murphy & Robinson Investment Co. v. Cross (In re Cross)*, 666 F.2d 873, 879–80 (5th Cir.1982) (emphasizing that an officer's mismanagement of his corporation alone will not give rise to a claim of nondischargeability); *In re Patton*, 129 B.R. 113, 117 (Bankr.W.D.Tex.1991) (creditor confused tortious acts by the individual, giving rise to liability under § 523(a)(6), with acts of an individual as an officer of a corporation, itself charged with acting tortiously toward the corporation).

In the present case, it appears as though Plaintiff "was not seeking to redress a wrong, but rather to find one." *Crystal*, 562 F.Supp. at 433. If such a pleading were sufficient, then any insolvent, closely held corporation could be accused of similar fraudulent activities by its debtors.

By reason of all the foregoing, Debtor's motion to dismiss the complaint for failure to state a claim for relief is granted.

Complaints that are dismissed under Fed. R.Civ.P. 8, 9(b) and 12(b)(6) are "almost always" dismissed with leave to amend. *In re Kelton Motors, Inc.*, 121 B.R. 166 (Bankr.D.Vt.1990) (citing *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir.1986)). Pursuant to Rule 15, "[a] party may amend his pleading [after a responsive pleading has been filed] only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Moreover, "[w]henever the claim ... asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Fed. R.Civ.P. 15(c). Since the Debtor will not be unduly prejudiced by an amendment to the complaint, relation back is proper.

Plaintiff may amend the complaint upon the condition that it serve the attorney for the Debtor and file with this Court an amended complaint within twenty days from the date of the entry of an order consistent with this opinion.

SUBMIT AN ORDER CONSISTENT WITH THIS OPINION.