**In re Kathy Ann GRISHAM, Debtor.**

**Laura WHITE, Plaintiff,**

v.

**Kathy Ann GRISHAM, Defendant.**

**Bankruptcy No. 94–60480.**
**Adv. No. 94–6046.**

United States Bankruptcy Court,
W.D. Missouri,
Southern Division.

Jan. 19, 1995.

Stuart H. King, Springfield, MO, for plaintiff.

## MEMORANDUM OPINION AND ORDER

KAREN M. SEE, Bankruptcy Judge.

In this action plaintiff objected to discharge of a debt arising from an automobile accident. Defendant did not file an answer but she appeared at trial on January 9, 1995 under subpoena from plaintiff and represented herself. Plaintiff's motion for default judgment was denied and the case was tried on the merits.

Plaintiff and her insurance company contended that her debt is nondischargeable because defendant's actions in driving without insurance after signing Missouri's statutorily-required financial responsibility form constituted fraud under § 523(a)(2)(A) and (B), and a willful and malicious injury under § 523(a)(6). For the following reasons, the court finds that the debt resulting from the automobile accident is dischargeable.

### I. FACTS

Plaintiff testified that on May 27, 1992, she was driving east on Sunshine Street in Springfield, Missouri. She stopped at the intersection of Sunshine and Kansas Expressway and after her light turned green,

1. Other than her own testimony, plaintiff did not provide the court with a police report or any other evidence that identified defendant as the driver. Plaintiff's testimony indicated implicitly or by assumption that defendant was the driver. It is unclear how certain plaintiff was of the identity of the driver because plaintiff also testified the driver left the scene. Defendant testified that she has no recollection of an auto accident on May 27, 1992, and she did not admit that she struck plaintiff. Although it is questionable whether plaintiff established at trial that defendant was the other driver, the court will assume for purposes of this dischargeability complaint that defendant was the driver.

2. Mo.Rev.Stat. § 303.025 states, in part:

she proceeded into the intersection. Plaintiff also said defendant turned south onto Kansas Expressway on a red light, struck plaintiff's car in the left rear quarter panel, and left the scene of the accident. The complaint seeks damages of $2,284.38.[1]

Plaintiff's complaint is based on the Missouri financial responsibility form which Missouri vehicle owners are supposed to sign when a vehicle is registered. However, plaintiff did not produce in evidence a copy of any financial responsibility form signed by defendant and on which the objection to discharge is based. The only evidence was the brief testimony of the plaintiff and defendant. Defendant testified that she had at some previous time signed a Missouri financial responsibility form, and that at the time of signing she did have insurance, but the insurance expired before May 27, 1992.

### II. LEGAL DISCUSSION

The Missouri financial responsibility statute provides that a motor vehicle owner shall either have insurance or maintain financial responsibility.[2] The statute merely sets out certain acts which shall or shall not be done. There is no express language which makes driving in violation of the statute an act which is fraudulent, malicious or anything other than a violation of the statute.

Plaintiff argued that her debt is excepted from discharge under § 523(a)(2)(A) and (B) and § 523(a)(6) because driving without insurance constituted false pretenses, fraud or a false representation; a false representation in writing concerning the debtor's financial condition; and a willful and malicious injury.[3]

1. No owner of a motor vehicle registered in this state shall operate the vehicle, or authorize any other person to operate the vehicle, unless the owner maintains the financial responsibility as required in this section. . . .
2. A motor vehicle owner shall maintain his financial responsibility in a manner provided for in section 303.160, or with a motor vehicle liability policy which conforms to the requirements of the laws of this state.

3. Title 11 U.S.C. § 523 states:

(a) A discharge . . . under . . . this title does not discharge an individual debtor from any debt—

It is important to note that plaintiff did not allege that any act which caused the wreck, such as speeding, was the basis for nondischargeability as constituting either fraud or willful and malicious conduct. In fact, the complaint, paragraph 4, alleges the accident was caused by defendant's "negligent, careless and reckless actions," which would not meet the "willful and malicious" elements of § 523(a)(6). Rather, the complaint alleges nondischargeability only for failure to maintain insurance (see complaint, paragraphs 7–9).

### A. Fraud Under § 523(a)(2)(A) and § 523(a)(2)(B)

■ The two fraud subsections of § 523(a)(2) are mutually exclusive. *In re Long*, 774 F.2d 875, 877 n. 1 (8th Cir.1985). At the hearing, counsel for plaintiff said she was proceeding under § 523(a)(2)(A). The financial responsibility form on which plaintiff bases the objection to discharge is a statement in writing respecting defendant's financial condition, so the court finds that plaintiff's objection is incorrectly asserted under § 523(a)(2)(A) and should have been asserted under § 523(a)(2)(B), which pertains to fraudulent statements in writing respecting defendant's financial condition.

■ Under § 523(a)(2)(A), the section elected by plaintiff, defendant's action in driving without insurance may have been a violation of a state statute, but as to plaintiff, it does not constitute false pretenses, a false representation or actual fraud. There was no evidence of false pretenses, false representations or actual fraud. In fact, there was no evidence concerning the time or circumstances of defendant's execution of a financial responsibility form or her state of mind. Fraud requires intent and there has been no evidence, direct or circumstantial, of any intent to defraud or make a false representation, either at the unknown time the financial responsibility form was signed or at the time of the accident. It is questionable whether plaintiff's testimony provides enough evidence to prove that defendant was even the person driving the other car in the accident on May 27, 1992. The objection to discharge under § 523(a)(2)(A) is denied.

■ Although at trial plaintiff elected to proceed under § 523(a)(2)(A), the court will also discuss subsection (B), under which the action should have proceeded. Under § 523(a)(2)(B), the following elements must be established: 1) the statement must be in writing; 2) it must be materially false; 3) it must be respecting the defendant's financial condition; 4) plaintiff must have reasonably relied on the statement; and 5) defendant must have published the written statement with an intent to deceive.

■ As to the first and third elements, it appears that the Missouri financial responsibility form would be a statement in writing respecting the signer's financial condition. However, plaintiff did not provide the court with any evidence of a written statement, the time it was executed, or its contents. The financial responsibility statute was referenced in plaintiff's complaint, but plaintiff did not introduce in evidence a copy of any financial responsibility form which defendant signed in order to establish the basis for the fraudulent statement in writing. The discharge exception under § 523(a)(2)(B) must be based in part on the use of a statement in writing. *Engler v. Van Steinburg*, 744 F.2d 1060 (4th Cir.1984).

Defendant testified that at some previous time she had signed a Missouri financial responsibility form, and that at the time she signed the form she had insurance but the insurance expired before the accident. Thus, as to the second element, the only evidence

---

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's ... financial condition.
(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive;

\*　\*　\*　\*　\*　\*

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

in the record is that she had insurance when she signed the form so there was no misrepresentation. Without evidence of a false statement in writing respecting defendant's financial condition, plaintiff cannot establish a basis for nondischargeability.

■ As to the fourth element, plaintiff could not have reasonably relied on defendant's statement on the Missouri form. The creditor's reliance must be reasonable. *In re Savich,* 82 B.R. 1011 (Bankr.W.D.Mo.1988). There is no evidence that before the accident plaintiff and defendant knew of the other's existence. Therefore, even if plaintiff had testified that she relied on defendant's written statement on the form, which she did not, the court would not have found this testimony reasonable. There is no evidence that plaintiff, as a member of the public, relied on defendant's particular Missouri financial responsibility statement. Plaintiff, as a member of the public, is not a party entitled to claim reliance on an individual's execution of a form required generally by state statute. Plaintiff argued that part of the misrepresentation, both to this specific plaintiff and the public generally, was the act of driving without insurance subsequent to signing the form. Defendant's actions in driving without insurance may have been a violation of state law, but a violation of this state law is not an implied misrepresentation or fraud to an individual citizen.

■ As to the fifth element, there is no evidence that defendant signed the form with the intent to deceive. Plaintiff only alleges that defendant was uninsured at the time of the accident. Defendant testified that she was insured at the time she signed the form and the insurance lapsed later. Defendant did not publish the form with the intent to deceive. Plaintiff failed to meet the elements of § 523(a)(2)(B), so the exception to discharge does not apply. *In re Bonnett,* 895 F.2d 1155, 1156[1] (7th Cir.1989).

In addition, under § 523(a)(2)(B) defendant did not benefit in any way from the transaction. Some courts have held that the defendant must have personally obtained money or property by the false representation. *See In re Jacobs,* 54 B.R. 791 (Bankr. E.D.N.Y.1985). Other courts have held that

under § 523(a)(2)(B) the defendant need not obtain money or property for herself, but still must benefit in some way. *See In re Bombard,* 59 B.R. 952 (Bankr.D.Mass.1986). This transaction was an automobile collision. Defendant did not benefit from the collision.

## B. Willful and Malicious Injury Under § 523(a)(6)

■ "[I]ntentional harm remains the standard for malicious injury under § 523(a)(6) in [the Eighth] circuit." *In re Hartley,* 100 B.R. 477 (W.D.Mo.1988), *aff'd,* 874 F.2d 1254 (8th Cir.1989). To prevail under § 523(a)(6), plaintiff must prove that defendant's conduct was both willful and malicious. *In re Miera,* 926 F.2d 741, 743 (8th Cir.1991). Some courts have grouped "willful" and "malicious" together, but the Eighth Circuit requires the two terms be given independent meaning. *Miera,* 926 F.2d 741, 743; *In re Long,* 774 F.2d 875, 880–81 (8th Cir.1985). The two requirements will be discussed separately below.

### 1. Willful Conduct

■ The legislative history defines "willful" to mean "intentional or deliberate." H.R.Rep. No. 595, 95th Cong., 1st Sess., p. 365 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess., p. 79 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. In the Eighth Circuit, "willful" means "headstrong and knowing." *In re Miera,* 926 F.2d 741, 743 (8th Cir.1991).

*In re Adams,* 147 B.R. 407 (Bankr. W.D.Mich.1992), where defendant was driving with no insurance and a suspended license, explained that "[a]lthough driving without automotive insurance is a violation of state law, bankruptcy courts have generally refused to hold that such an act is 'willful' under § 523(a)(6)". 147 B.R. at 415 (footnote omitted) (citing *In re Druen,* 121 B.R. 509, 512 (Bankr.W.D.Ky.1990); *In re Eberhardt,* 92 B.R. 773, 777 (Bankr.E.D.Tenn.1988)). *But see, In re Whipple,* 138 B.R. 137 (Bankr. S.D.Ga.1991) (driving negligently without insurance results in a willful economic injury).

*Adams* reasoned that "[e]ven though a reasonable person would not drive without insurance, such an act does not result in an

automobile collision." 147 B.R. at 415 (emphasis omitted). *Adams* similarly found that driving on a suspended license was not willful conduct. However, speeding and accelerating through a busy intersection, where there was a high probability that an accident would occur was "willful." "Speeding through this crowded intersection at over 55 m.p.h. was like playing Russian roulette with five bullets in the chamber." *Id.* at 416.

In the present case, plaintiff did not allege that defendant's actions in causing the accident were willful, as in *Adams*. Instead, plaintiff's complaint alleged that "against the citizens of the State of Missouri in general and against [plaintiff] in particular" the failure to have insurance was a "willful and malicious failure to comply with Missouri law." Evidence consisting only of lack of insurance is not sufficient to prove willfulness under the Eighth Circuit definition and the majority view as represented by *Adams*.

### 2. Malicious Conduct

In the Eighth Circuit, which has adopted a narrow standard for malice, legal malice is not sufficient under § 523(a)(6). In the Eighth Circuit, malice is conduct "targeted at the creditor . . . at least in the sense that the conduct is certain or almost certain to cause . . . harm." *In re Miera*, 926 F.2d 741, 743–44 (8th Cir.1991); *In re Long*, 774 F.2d 875, 881 (8th Cir.1985). For plaintiff to prevail under the Eighth Circuit's reading of this prong of § 523(a)(6), she must prove that defendant targeted her or intended to cause her harm by failing to maintain insurance. As noted earlier, plaintiff did not allege malice in causing the accident, but only in failure to have insurance (see complaint, paragraphs 7–9). In fact, in the complaint, paragraph 4, plaintiff alleged the accident was caused by defendant's "negligent, careless, and reckless actions," and not by willful and malicious conduct. There is no evidence of malice under the Eighth Circuit standard by defendant's failure to maintain insurance pursuant to a state statute.

The Eighth Circuit reading of malicious does not support cases such as *Adams*, 147 B.R. 407 (Bankr.W.D.Mich.1992), where the defendant was found to have maliciously injured the unknown plaintiff in a car wreck. *Adams* adopted the Sixth Circuit's holding that malice may be implied. *Id.* at 418 (citing *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986)). The Sixth Circuit adopts legal malice, but the Eighth requires the tighter standard of intentional harm. *In re Hartley*, 100 B.R. 477 (W.D.Mo.1988), *aff'd*, 874 F.2d 1254 (8th Cir.1989). The intentional harm standard requires plaintiff to establish intentional behavior targeted at plaintiff by defendant. Plaintiff has not proved any such state of mind directly or indirectly.

### C. Default Judgment

When a plaintiff seeks a default judgment, the court should exercise "sound judicial discretion" in determining whether the judgment should be entered. *National Bank of Eastern Arkansas v. General Mills, Inc.*, 283 F.2d 574 (8th Cir.1960) (where debtor defaulted, court did not abuse discretion by not entering a default judgment finding the debt nondischargeable). Plaintiff is not entitled to a default judgment as a matter of right.

"In determining whether to enter a default judgment, the court is free to consider a number of factors that may appear from the record before it." 10 Charles Alan Wright et al., Federal Practice and Procedure § 2685, at 423–26 (1983). Among these are: 1) the amount of money potentially involved; 2) whether material issues of fact remain; 3) whether issues of substantial public importance are at issue; 4) whether the default is largely technical; 5) whether plaintiff has been substantially prejudiced by the delay involved; and 6) whether the grounds for default are clearly established. *Id.* In this case, plaintiff's complaint did not on its face state a claim for relief which could appropriately be entered by default and several critical factual issues, such as those relating to specific states of mind and intent, remained unresolved prior to the trial. Therefore, the court did not grant plaintiff's motion for a default judgment.

### III. CONCLUSION

Assuming that defendant was involved in the accident, although it is questionable

312

whether this fact was established by plaintiff's testimony, signing the Missouri financial responsibility form while one has insurance and later letting the insurance lapse does not constitute false pretenses, fraud, or a fraudulent representation under § 523(a)(2)(A) or (B), and does not constitute willful and malicious injury to another under § 523(a)(6).

Accordingly, on plaintiff's complaint objecting to discharge of a debt, it is **ORDERED, ADJUDGED AND DECREED** as follows:

1. Plaintiff's Motion for Default Judgment is denied.

2. Judgment is entered in favor of Debtor Kathy Ann Grisham and against Plaintiff Laura White, and the debt owed by debtor Kathy Ann Grisham is discharged.