**In re Lora Measley Whitley HERRING, Debtor.**

**HOUSEHOLD CREDIT SERVICES, INC., Plaintiff,**

v.

**Lora Measley Whitley HERRING, Defendant.**

**Bankruptcy No. 95–00807–5–ATS. S–95–00134–5–ATS.**

United States Bankruptcy Court, E.D. North Carolina, Raleigh Division.

Dec. 14, 1995.

William E. Brewer, Jr., Raleigh, NC, for Debtor/Defendant.

Robert S. Cooper, Rochester, NY, for Plaintiff.

## ORDER ALLOWING MOTION TO DISMISS WITHOUT PREJUDICE

A. THOMAS SMALL, Chief Judge.

The matter before the court is the motion filed by the chapter 7 debtor/defendant, Lora Measley Whitley Herring, to dismiss this

adversary proceeding pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (FED.R.BANKR.P. 7012(b)), for failure to state a claim upon which relief can be granted. Specifically, the debtor contends that the plaintiff, Household Credit Services, Inc., failed to allege fraud with particularity as required by Federal Rule of Civil Procedure 9(b) (FED.R.BANKR.P. 7009). A hearing was held in Raleigh, North Carolina on November 29, 1995. The motion will be allowed without prejudice to the plaintiff's right to amend the complaint.

Ms. Herring filed a petition for relief under chapter 7 of the Bankruptcy Code on June 26, 1995, and Household brought this adversary proceeding pursuant to 11 U.S.C. § 523(a)(2)(A), to determine that credit card debts incurred by the debtor are nondischargeable. Household contends that between August 11, 1994 and February 22, 1995, the debtor took cash advances and made various purchases on her Household VISA card that increased her account balance to $4,968.06, and that the account balance should not be discharged. Portions of the debtor's VISA monthly statements from September 1994 through April 1995 are attached to the complaint. The complaint states that:

> 7. Upon information and belief, the Debtor secured the aforesaid cash advances and purchases on the account at a time when the Debtor was unable to meet her existing financial obligations as they became due.
>
> 8. At the time the Debtor obtained the above-mentioned cash advances and purchases, the Debtor impliedly represented that she had the ability to repay said debt.
>
> 9. At the time the Debtor obtained the above-mentioned cash advances and purchases, however, the Debtor either had no ability or intention to repay said debt to Plaintiff.
>
> 10. Therefore, the Debtor obtained said money from the Plaintiff by false pretenses, false representation, · or actual fraud, and at the time of filing, the debt owed to the Plaintiff was in the amount of $4,968.06, and for the above reasons, this indebtedness to Plaintiff, Household Credit

Services, Inc., is nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(2)(A).

(Complt. at 2).

Bankruptcy Code § 523(a)(2)(A) provides that a debt is nondischargeable if it is for the extension of credit that was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). The debtor contends that the allegations of the complaint are not specific enough to set forth a cause of action under § 523(a)(2)(A), and the court agrees.

Rule 8(a)(2) of the Federal Rules of Civil Procedure (FED.R.BANKR.P. 7008(a)) requires that a pleading shall set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 9(b) of the Federal Rules of Civil Procedure (FED.R.BANKR.P. 7009) requires that all averments of fraud or mistake must state the circumstances constituting fraud or mistake with particularity. Rule 9(b), however, also provides that "intent, knowledge, and other condition of mind of a person may be averred generally."

██ The only specific fact in this complaint that supports the averment of the debtor's "actual fraud" is the allegation in paragraph 9 that the debtor had no intention of repaying the debt when it was incurred. Intention may be averred generally, but if "intention" is the only alleged fact supporting the "actual fraud," the plaintiff must plead the factual basis "which gives rise to a 'strong inference' of fraudulent intent." *Lanmark Group, Inc. v. Rifkin (In re Rifkin)*, 142 B.R. 61, 65 (Bankr.E.D.N.Y.1992).

██ The complaint also is not sufficiently specific regarding the claim that the credit was obtained by false pretenses or false representation. The complaint alleges that the debtor did not have the ability or the intention to repay the debt when it was incurred, but that is not enough.

██ The court agrees with Household that when a credit card customer makes a credit purchase or takes out a cash advance

the customer makes an implied representation that the customer is able to repay the obligation. The court also agrees that if, at the time of the purchase, the customer did not have the ability to repay, and *knew or should have known* that there was no ability to repay, the debt would be nondischargeable under § 523(a)(2)(A). In this proceeding the plaintiff alleged that Ms. Herring did not have the ability to repay her debts but did not allege that she knew or had reason to know that she lacked that ability.

In some circumstances inability to pay may be shown from the debtor's petition and schedules and the close proximity of the extension of credit to the date of bankruptcy. In this case, however, there is no mention of the specifics of the debtor's financial condition at the time of filing or at the time the credit was extended. Additionally, according to the statements attached to the complaint, most of the extensions of credit under the credit card account had been made four to five months before the filing of the petition.

The real issue is whether a creditor must make a reasonable investigation concerning the facts that existed when the credit extensions were made, or whether the creditor may rely upon conclusory allegations based on the fact that the credit was extended and a bankruptcy was filed. This issue is especially important at this time, when case filings are at an all-time high and consumer credit has reached record levels.

Debtors are protected to some extent from frivolous actions by Rule 9011 of the Federal Rules of Bankruptcy Procedure that provides that an attorney's signature on a pleading constitutes a certificate that the attorney has read the document and that to the best of the attorney's knowledge, information and belief formed after a reasonable inquiry that, among other things, the pleading is well-grounded in fact. Bankruptcy Code § 523(d) also protects consumer debtors who are successful in defending nondischargeability complaints under § 523(a)(2) by requiring the court to assess costs, including attorney's fees, if the court finds that the position of the creditor was not substantially justified, unless such an award would be unjust. The court, of course, also has the inherent author-

ity to discipline attorneys who prosecute adversary proceedings without making adequate investigations. *In re Mroz,* 65 F.3d 1567 (11th Cir.1995). These protections are important to consumer debtors, but debtors are also protected from exposure to meritless allegations by the requirements of Rule 9(b) of the Federal Rules of Civil Procedure (FED.R.BANKR.P. 7009).

A complaint that seeks a determination that a debt is nondischargeable under § 523(a)(2) need not be elaborate, but if it is based on "actual fraud," the allegations must be more specific than the mere assertion that the debtor did not have the intention to pay. Furthermore, false pretenses and false representations must be supported by more than a bare allegation that the debtor did not have the ability to pay and a general statement that the debtor did not intend to pay.

Accordingly, the defendant's motion to dismiss is **ALLOWED,** but the plaintiff shall have 30 days within which to file an amended complaint. In the future, such dismissals may be with prejudice.

**SO ORDERED.**